**Gary L. ALEXANDER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–518.**

United States Court of Veterans Appeals.

Aug. 7, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of November 7, 1991, the Board of Veterans' Appeals (Board or BVA) ruled that appellant had failed to submit a well-grounded claim to entitlement to an earlier effective date for a total disability rating based upon unemployability. *Gary L. Alexander*, BVA 91–40925 (Nov. 7, 1991). The Court had retained jurisdiction due to a prior decision and appellant filed a Supplemental Brief on January 24, 1991, seeking reversal of the BVA decision. On March 16, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling. On April 1, 1992, appellant filed an opposition to the Secretary's motion. For the reasons set forth by the BVA in its exhaustive and well-reasoned decision, the Secretary's motion for summary affirmance will be granted and the BVA decision affirmed.

## I.

Appellant's claim for an increased evaluation for depressive reaction and individual employability was initially filed on June 10, 1988. Second Supp.R. at 1. The claim was denied in a rating decision dated November 1, 1988. R. at 14. By letter dated November 7, 1988, and received by the Department of Veterans Affairs (VA) Regional Office (RO) on November 9, 1988, a Notice of Disagreement (NOD) was filed by a National Service Officer of the Disabled American Veterans. R. at 16. A Statement of the Case was prepared and approved on December 20, 1988. R. at 17–21. Subsequently, by means of a VA Form 21–4138 dated March 6, 1989, appellant, by his present representative, filed a "REQUEST FOR REOPENING OF CLAIM FOR INCREASED EVALUATION BASED UPON NEWLY DISCOVERED EVIDENCE." R. at 22. The request was accompanied by a psychologist's report. R. at 23–42. Additional evidence was submitted on April 24, 1989. R. at 43; 44–51. In a rating decision dated May 9, 1989, appellant's claim was denied. R. at 52.

By letter of June 2, 1989 (R. at 53), appellant was sent a Supplemental Statement of the Case (R. at 54–56). On June 12, 1989, appellant requested a hearing, in part, "to establish an inception date of March 6, 1989[,] on his reopened claim". R. at 58. Appellant also indicated that the request was to serve as an NOD from the May 9, 1989, rating but specifically stated that "[t]his is *not* an appeal at this time." *Id.* A hearing was held on August 4, 1989, at which appellant's representative stated:

> A collateral issue in this case to be determined by the [BVA] is the inception date of the claim. Briefly what happened in this case is that the original claim for increased evaluation was denied on November 8, 1988[,] by the Rating Board. The veteran's representative filed a Notice of Disagreement on November 9, 1988[,] and a Statement of the Case was sent to the veteran on December 20, 1988. On March 6, 1989[,] the veteran through counsel submitted a request for reopening based on newly discovered evidence. The veteran's counsel deliberate-

ly entitled the submission of March 6, 1988[,] ... a request for reopening so that the jurisdiction of the United States Court of Veterans Appeals could be preserved. In effect, we were abandoning our original claim and submitting a new request for reopening so that ... our Notice of Disagreement would be filed on or after November 18, ... 1988[,]....
> It is our contention that the inception date is March 6, 1989, ...

Transcript of hearing of August 4, 1989, R. at 60. By a VA Form 1–9 dated August 5, 1989, appellant sought to appeal a decision of June 2, 1989, to the BVA and explained that:

> To preserve the jurisdiction in the Court of Veterans Appeals, the veteran has abandoned his claim made immediately prior to November 1, 1988 and submitted a new Request for Reopening of his case on 6 March 1989. We are treating the Supplemental Statement of the Case dated June 2, 1989[,] as denial of our reopened claim of 6 March 1989. A Notice of Disagreement with reference to the denial of June 2, 1989[,] was filed by us on 12 June 1989.

R. at 78. After additional Supplemental Statements of the Case (R. at 82–83; 88–89), in a decision dated June 1, 1990, the BVA granted a rating increase from 50% to 70% for depressive reaction. *Gary L. Alexander*, BVA ____ (June 1, 1990), R. at 90–95. In a rating decision dated June 20, 1990, appellant was assigned an effective date for the 70% rating of June 10, 1988; however, a subsequent rating decision of August 3, 1990 (Second Supp.R. at 4), found the assignment of that effective date to have been clear and unmistakable error and, due to the statement by appellant's representative that the June 10, 1988, claim had been withdrawn, and awarded an effective date of March 8, 1989, the date appellant's "REQUEST FOR REOPENING OF CLAIM" was received. A timely Notice of Appeal was filed with this Court on June 22, 1990.

On February 20, 1991, the Secretary filed a motion requesting that this appeal be remanded to allow the BVA to readjudicate

appellant's case and consider whether appellant is eligible for unemployability benefits pursuant to 38 C.F.R. § 4.16 (1990). On March 27, 1991, this Court granted the Secretary's unopposed motion for remand but retained jurisdiction. On April 25, 1991, the Board completed readjudication and in a supplemental decision determined that appellant was unemployable due to his service-connected psychiatric condition and granted a total evaluation. *Gary L. Alexander*, BVA ＿＿ (Apr. 25, 1991), Second Supp.R. at 6–11. In a rating decision dated May 14, 1991, appellant was assigned an effective date of March 8, 1989, for the 100% rating. Second Supp.R. at 12. Appellant's representative submitted an NOD dated June 25, 1991, arguing that the "effective date for the veteran's 100% disability rating should be June 10, 1988 and not April 1, 1989." Second Supp.R. at 17.

On June 28, 1991, appellant filed with this Court a "Notice of Decision of Board of Veterans [sic] Appeals and Issues Remaining for Court's Disposition." In the Notice, appellant took the position that the withdrawal/abandonment of the June 10, 1988, claim, which was motivated by tactical considerations to allow this Court to have jurisdiction, should be disregarded in the determination of an effective date, and that the correct effective date for the award of benefits should be June 10, 1988, the date of the original claim. At the conclusion of the Notice, appellant moved for the Court to issue an order establishing an earlier effective date, June 10, 1988, for the award of benefits. In an order dated July 26, 1991, the Court denied appellant's request as premature, pointing out that the matter had been remanded to the Board pursuant to 38 U.S.C. § 7252 (formerly § 4052), which, in turn, had remanded it to the RO. The Court noted that:

> If appellant is dissatisfied with the action of the RO on remand from the Board, his remedy is not to come directly to this Court but to return to the Board. It would be for the Board, not this Court, to consider appellant's argument that the effective dates of awards should be governed by litigation strategy and tactics not by 38 U.S.C. § 5110(a) (formerly § 3010(a))....

A Statement of the Case dated July 25, 1991, noted that, on July 26, 1990, the "BVA sent notification to the veteran's representative affirming the abandonment of the June 10, 1988, claim and the reopened claim of March 8, 1989, which allowed the filing of an attorney's fee agreement." Second Supp.R. at 20. Appellant perfected his appeal by filing a VA Form 1–9 dated July 30, 1991. Second Supp.R. at 22. In a decision dated November 7, 1991, the BVA rejected appellant's claim to an earlier effective date. *Alexander*, BVA 91–40925, Supp.R. at 5. The Board took note that appellant's representative stated that the express purpose for the withdrawal of the NOD and the reopening of the claim was to be able to file an NOD after November 18, 1988, in the words of appellant's counsel, " 'so that ... the jurisdiction of the United States Court of Veterans Appeals could be preserved.' " *Id.*, Supp.R. at 10. The Board concluded its discussion as follows:

> The Board finds that in this matter, the appellant may not have the best of both worlds.... When he chose to withdraw his notice of disagreement, which resulted in the RO's adverse decision on his claim of June 1988 becoming final, he precluded the assignment of an effective date prior to March 8, 1989, for any increased benefits granted. Therefore, after applying the facts to the applicable criteria, we have concluded the appellant cannot meet the initial burden of presenting evidence of a well-grounded claim imposed by 38 U.S.C. § 5107(a).

*Id.* at 9–10. In response to the Board's final decision, on January 24, 1992, appellant filed a supplemental brief. On March 16, 1992, the Secretary filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and to stay proceedings. Appellant's response in an opposition to the Secretary's motion was filed on April 1, 1992.

## II.

▇ The effective date for an award of benefits is governed by 38 U.S.C. § 5110

(formerly § 3010), which provides, in pertinent part, as follows:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.
>
> (b) ...
>
> (2) The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability has occurred, if application is received within one year from such date.

In a thorough and comprehensive decision, the Board ruled that, due to appellant's withdrawal of the NOD, the rating decision of November 8, 1988, had become final in accordance with appellant's wishes. The BVA then determined that 38 U.S.C. § 5110(a) compelled an effective date of March 8, 1989, the date of receipt of appellant's "REQUEST FOR REOPENING OF CLAIM." The BVA reasoned as follows:

> We find that the appellant's attempts to abandon his claim were actually a withdrawal of his notice of disagreement. Under 38 C.F.R. § 19.125(c), either the appellant or his authorized representative could withdraw the notice of disagreement.... Therefore, we find that after the veteran filed his initial claim on June 10, 1988, as a result of the withdrawal of the notice of disagreement, the original determination of the RO in November 1988 became final concerning the June 1988 claim. This is because 38 C.F.R. § 19.129 provides that if a notice of disagreement is not filed within one year from the date of mailing of notification of the initial review and determination, that determination becomes final. The question now to be decided is whether the assigned effective date of March 8, 1989, for the award of a total evaluation for the veteran's service-connected depressive reaction is proper.... Under

38 C.F.R. § 3.400(*o*), the effective date for a claim for increase in disability compensation is the earliest date as of which it is factually ascertainable that an increase in disability had occurred if the claim is received within one year from such date. Otherwise, the effective date is the date of receipt of the claim....

> ... Accordingly, the Board has carefully evaluated all of the evidence of record during the year prior to March 8, 1989, in order to make a determination as to whether it was factually ascertainable that an increase in severity of the service-connected disorder had occurred.... We find that the required standard of ["]factually ascertainable["] has not been demonstrated. Therefore, the effective date for the total evaluation must be March 8, 1989, the date of receipt of the new claim for increase.

■ Upon consideration of the record, appellant's supplemental brief, the Secretary's motion for summary affirmance, and appellant's opposition, the Court holds that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the November 7, 1991, decision of the Board granting an effective date of March 8, 1989, for appellant's award of total disability due to unemployability is AFFIRMED.